**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Gertrude C. F. Hamilton, a/ka Gertrude Coretta Fennell Hamilton, <br><br> Plaintiff, <br><br> v. <br><br> United States of America, D.O.J.; Charleston S.C. District Court; State of South Carolina, <br><br> Defendants. | Civil Action No. 2:20-cv-01666-RMG <br><br> **ORDER** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 15) recommending the Court dismiss the action with prejudice and without issuance and service of process. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

**I.     Background**

Gertrude C. F. Hamilton ("Plaintiff") filed a *pro se* civil rights action on April 17, 2020 against Defendants United States of America, D.O.J., Charleston S.C. District Court, and the State of South Carolina. (Dkt. No. 1). In the Complaint, Plaintiff brings various constitutional claims in violation of state and federal statutes that arise out of Plaintiff's three prior lawsuits with this Court.[1]

---

[1]

*See Hamilton v. Dayco Prods., LLC*, No. 2:07-2782-PMD-RSC (D.S.C.), *aff'd* 367 Fed. Appx. 402 (4th Cir. 2010), *cert. denied* 562 U.S. 894 (20910) ("*Hamilton I*"); *Hamilton v. Murray*, No. 2:25-2085-PMD-MGB, 2015 WL 12865195 (D.S.C. Oct. 14, 2015), *aff'd* 648 Fed. Appx. 344 (4th Cir. 2016), *cert. denied* 137 S.Ct. 1225 ("*Hamilton II*"); *Hamilton v. Newman, et al.*, No. 2:18-9622-RMG, 2018 WL 4616050 (D.S.C. Sept. 26, 2018) ("*Hamilton III*")

Plaintiff's original action involved an employment discrimination claim against her former employer and the employer's counterclaim against her. Plaintiff's employment discrimination claim was dismissed by the Court on summary judgment and a stipulation of dismissal was entered as to the employer's counterclaim. Plaintiff disputed the dismissal and that she agreed to dismiss the counterclaim against her. In June of 2009, a judgment was entered against Plaintiff that dismissed the counterclaim with prejudice and removed the statement of Plaintiff's consent. Plaintiff appealed the issue to the Fourth Circuit Court of Appeals, and the Fourth Circuit affirmed. *See Hamilton v. Dayco*, 367 Fed. Appx. (4th Cir. 2010), *cert. denied*, 562 U.S. 894 (2010) ("*Hamilton I*").

In the second action, Plaintiff sought relief from the judgment in *Hamilton I* that dismissed the counterclaim against her with prejudice. In addition, Plaintiff sought damages on a theory that Defendants perpetrated fraud upon the court. The Court dismissed the action without prejudice in October of 2015 and the Fourth Circuit affirmed. [Hamilton v. Murray, No. 2:25-2085-PMD-MGB, 2015 WL 12865195 (D.S.C. Oct. 14, 2015)](#), *aff'd* [648 Fed. Appx. 344 (4th Cir. 2016)](#), *cert. denied* [137 S.Ct. 1225](#) ("*Hamilton II*"). In the third action, Plaintiff alleged Magistrate Judge Baker, Magistrate Judge Carr, and Deputy Clerk Newman were acting within the "scope of their official duties" when they deprived Plaintiff of her constitutional rights. She alleged Defendants caused her to lose two lawsuits by issuing reports and recommendations or docketing orders that allegedly discriminated against her on the basis of race or physical disability. In September of 2018, the Court dismissed the case with prejudice. *Hamilton v. Newman, et al.*, No. 2:18-9622-RMG, 2018 WL 4616050 (D.S.C. Sept. 26, 2018) ("*Hamilton III*").

In this case, the Magistrate Judge issued an R & R on August 26, 2020 recommending the Court summarily dismiss Plaintiff's Complaint with prejudice and without issuance and service of process. (Dkt. No. 15). Plaintiff filed objections to the R & R. (Dkt. Nos. 17; 18; 20). The matter is ripe for the Court's review.

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where the petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). The Plaintiff filed objections and the R & R is reviewed *de novo*.

## III.     Discussion

After thorough review of the R & R and Plaintiff's objections to the R & R, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's case should be dismissed.

First, to the extent that Plaintiff's claims are brought as a motion for relief from a prior order or judgment, the motion is insufficient to survive dismissal. Specifically, if brought under

Rule 60(b), the motion fails as untimely for being filed more than one year after the entry of judgment, or otherwise within a reasonable time. *See* FED. R. CIV. P. 60(b)(c); *Wadley v. Equifax Info. Servs., LLC*, 296 Fed. Appx. 366, 368 (4th Cir. 2018) (less than two-year delay not reasonable); *McLawhorn v. John W. Daniel & Co.*, Inc., 924 F.2d 535, 538 (4th Cir. 1991) (three-month delay not reasonable). As the Magistrate Judge correctly found, any attempt to set aside the orders and judgments in *Hamilton I*, *II*, or *III*, pursuant to Rule 60(d)(3) is untimely. (Dkt. No. 15 at 5). Further, Plaintiff's allegations are frivolous because Plaintiff's allegations lack an arguable basis in fact or law and Plaintiff had knowledge of the facts she now raises at the time *Hamilton I* and *Hamilton II* were adjudicated and affirmed. *Trawick v. Med. Univ. of S.C.*, No. 2:16-cv-730-DCN-MGB, 2016 WL 8650132, at *7 (D.S.C. June 28, 2016) ("Even when liberally construed, Plaintiff's allegations do not amount to 'fraud on the court'".); FED. R. CIV. P. 60(b)(3). As the Magistrate Judge properly identified, Plaintiff's allegations are conclusory and subject to summary dismissal as frivolous. *Mayhew v. Duffy*, No. 2:14-cv-24-RMG, 2014 WL 468938, at *1 (D.S.C. Feb. 4, 2014) (court exercising its inherent authority to dismiss a frivolous case where *pro se* plaintiff filed a new action seeking to vacate a previously adjudicated case).

Second, as the Magistrate Judge correctly identified, the complaint is subject to summary dismissal because the Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff has not alleged complete diversity of the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff). Here, Plaintiff is a citizen of South Carolina and so is Defendant State of South Carolina. Thus, no complete diversity exists.

In addition, Plaintiff fails to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff cites to multiple federal statutes and attempts to assert constitutional claims pursuant to 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). As the Magistrate Judge correctly identified, Plaintiff's pleadings fail to establish grounds for federal question jurisdiction as Plaintiff lists federal statutes, federal rules, and constitutional amendments without supporting facts. (Dkt. No. 15 at 7-8). *See Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 43-44 (4th Cir. 1973) (to sustain federal question jurisdiction, the complaint must contain allegations "affirmatively and distinctly" establishing federal grounds "not in mere form, but in substance . . . . Mere conclusory allegations in the complaint are insufficient to support jurisdiction.")

Third, the complaint fails to allege sufficient facts to state a claim against any of the Defendants. The Magistrate Judge aptly identified that the pleadings are "generally incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments, such that it is unclear what is to be made of them." (*Id.* at 9). *See Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994). With regard to Defendant Charleston S.C. District Court, Plaintiff's allegations are against an improper entity. This Defendant would be a building or group of buildings and is subject to summary dismissal as courts have held that an inanimate object, including a building, facility, or grounds, does not act under color of state law, and is not a "person" subject to suit pursuant to 42. U.S.C. § 1983. *Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at * 1 (D.S.C. May, 26 2011) (finding that a detention center, as a building and not a person, was not amenable to suit under § 1983)).

Plaintiff alleges that Defendant Charleston S.C. District Court is "included, in this lawsuit because of the "manner of individual negligent misconduct from five employed individuals" that she identifies as Magistrate Judge Duffy, Magistrate Judge Carr, Magistrate Judge Baker, Magistrate Judge Marchant, and Deputy Clerk Newman. (Dkt. No. 1 at 2). The Magistrate Judge in this case correctly ruled that the allegations against the Magistrate Judges, for actions taken in their judicial capacity are subject to summary dismissal based on judicial immunity. (Dkt. No. 15 at 13). [2] *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (stating that whether the allegations against the federal judges were considered under a *Bivens* type of constitutional theory or the allegations of a conspiracy are considered a violation of 42 U.S.C. § 1985, the federal judges are absolutely immune from civil liability when they act within their jurisdiction.) In addition, claims against the deputy clerk for tasks undertook as part of the judicial process are subject to summary dismissal based on quasi-judicial immunity. *Ross v. Baron*, 493 Fed. Appx. 405, 406 (4th Cir. 2012).

As to Defendant State of South Carolina, the Magistrate Judge appropriately explained that claims against the State of South Carolina are barred by the Eleventh Amendment to the United States Constitution. (Dkt. No. 15 at 14). The Eleventh Amendment divests the Court of jurisdiction to entertain a suit for damages brought against a State. *Alden v. Maine*, 527 U.S.

---

[2] To the extent Plaintiff asserts a claim for negligence against Defendant Charleston, South Carolina District Court pursuant to 42 U.S.C. § 1983 or *Bivens*, she may not proceed with such a claim. It is well settled that negligence, in general does not support a claim for deprivation of Constitutional rights pursuant to a claim under 42 U.S.C. § 1983 or *Bivens*. *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987).

706, 712-713 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). A sovereign's immunity may be waived, and a State may consent to suit against it in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99, n.9 (1984). In this case, the State of South Carolina has not consented to such actions.

As to Defendant the United States of America and DOJ, the Magistrate Judge correctly determined that Plaintiff may not bring a claim pursuant to *Bivens* against the United States, a federal agency, or a public official acting in his or her official capacity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Reinbold v. Evers*, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). While a *Bivens* action allows for recovery of money damages against federal officials who violate the United States Constitution in their individual capacities, *Bivens* does not allow recovery of money, damages, or suits in general, against the government itself. (*Id.*) Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *FDIC v. Meyer*s, 510 U.S. at 484-86. As the Magistrate Judge correctly determined, the United States of America and the DOJ are immune from Plaintiff's constitutional claims. (Dkt. No. 15 at 16).

Fifth, the Magistrate Judge ably concluded that to the extent Plaintiff attempts to assert a Federal Tort Claims Act ("FTCA") pursuant to 28 U.S.C. §§ 2671- 2680, these claims are insufficient to survive dismissal because a claim under the FTCA lies only against the United States itself, as the court has no jurisdiction to hear claims asserted against federal agencies or individual federal employees. *Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). Moreover, the FTCA requires that a Plaintiff file an administrative claim with the appropriate federal agency and Plaintiff has not alleged that she fulfilled the prerequisite to filing a civil action against the United States. (*Id.*)

Last, the Magistrate Judge correctly identified that since Plaintiff fails to assert any federal claims, only state-law claims remain. (Dkt. No. 15 at 17). The Court may hear state-law claims in conjunction with federal claims through the exercise of "supplemental jurisdiction" pursuant to 28 U.S. C. § 1367. As the Plaintiff has failed to assert federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

**IV.    Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 15) as the Order of the Court. Plaintiff's case is **DISMISSED WITH PREJUDICE** and without issuance and service of process.[3]

**AND IT IS SO ORDERED.**

s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 7, 2020
Charleston, South Carolina

---

[3] *Ross v. Baron*, 493 Fed. Appx. 405, 406 (4th Cir. 2012) (affirming dismissal of complaint with prejudice prejudice prior to the issuance of summonses to Defendants when the majority of the complaint was frivolous.)